UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICHARD THOMPSON, Trustee of      )
The Thompson Family Trust,        )
                                  )
                 Plaintiff,       )
                                  )
        vs.                       )        08 C 3240
                                  )
RONALD FAJERSTEIN, FAJERSTEIN     )
DIAMOND IMPORTERS & CUTTERS, INC.,)
and ANTWERP DIAMOND IMPORTERS  &  )
CUTTERS, INC.,                    )
                                  )
                 Defendants.      )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Richard Thompson to
dismiss the counterclaim of Ronald Fajerstein pursuant to Federal Rule of Civil
Procedure 12(b)(6).  For the reasons set forth below, the motion is denied.

## BACKGROUND

According to the counterclaim, Fajerstein is in the business of diamond
purchasing and importing.  In late 2007, Thompson discussed the purchase of a diamond
with Fajerstein.  In early 2008, Thompson transferred $150,000 to Fajerstein to be
applied toward the purchase of a diamond Fajerstein had located.  Thompson later
decided not to purchase the stone and requested that Fajerstein return his money.  When

Fajerstein did not do so, Thompson filed suit, claiming fraud, breach of contract, conversion, money had and received, and unjust enrichment.

In conjunction with his answer to Thompson's complaint, Fajerstein filed a counterclaim asserting two counts of defamation. These claims stem from statements appearing on a Website that Fajerstein alleges Thompson created. According to the counterclaim, the Website refers to Fajerstein as a "diamond fraudster" and accuses him of defrauding and lying to customers.

Thompson now moves to dismiss the counterclaim under Fed. R. Civ. P. 12(b)(6), asserting that it fails to state a claim upon which relief can be granted.

## LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) evaluates the legal sufficiency of a plaintiff's complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe all allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). To be cognizable, the factual allegations must lift a legal claim "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, —, 127 S. Ct. 1955, 1965 (2007). The complaint must describe the claim in sufficient detail to

give the defendant fair notice of what the claim is and the grounds upon which it rests; and its allegations must plausibly suggest that the plaintiff has a right to relief. *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). Counterclaims are evaluated under the same standards as complaints for Rule 12(b)(6) purposes. *Cozzi Iron & Metal, Inc. v. U.S. Office Equip., Inc.*, 250 F.3d 570, 574 (7th Cir. 1990).

With these principles in mind, we turn to the instant motion.

## DISCUSSION

Thompson advances four arguments in support of his contention that Fajerstein's defamation claim is not actionable under Illinois law: the statements he makes on the Website are true; they are opinion; they are his interpretation of disclosed facts; or they amount to nothing more than name-calling. He contends that we should assess the portions of the Website included with the counterclaim as well as additional materials attached to his memorandum in support of his motion to dismiss.

In some circumstances, documents included with a complaint or motions to dismiss can be considered in assessing the legal viability of an asserted claim. *See* Fed. R. Civ. P. 10(c). However, the issues he presents within his motion are not the cut-and-dried legal interpretation questions that can be addressed at the initial pleading stages of a case. Rather, they require factual development of issues such as context and the understanding of the audience to whom they were published. This point is readily

demonstrated by the fact that each of the federal cases Thompson cites to support his arguments was decided either by summary judgment or after trial. *Global Relief Found., Inc. v. New York Times Co.*, 390 F.3d 973 (7th Cir. 2004) (summary judgment); *Republic Tobacco Co. v. North Atlantic Trading Co.*, 381 F.3d 717 (7th Cir. 2004) (same); *Wilkow v. Forbes, Inc.*, 241 F.3d 552 (7th Cir. 2001) (dismissal treated as summary judgment); *Sullivan v. Conway*, 157 F.3d 1092 (7th Cir. 1998) (summary judgment); *Stevens v. Tillman*, 855 F.2d 394, 400-01 (7th Cir. 1989) (trial); *Haywood v. Lucent Technologies, Inc.*, 169 F. Supp. 2d 890 (N.D. Ill. 2001) (summary judgment).[1] Accordingly, we decline the invitation to look outside the four corners of the counterclaim to assess the legal viability of Fajerstein's defamation cause of action.

A party claiming defamation in Illinois must allege that the defendant, without the protection of a privilege, published a false statement about the plaintiff to a third party and thereby caused damage to the plaintiff. *Solaia Technology, LLC v. Specialty Pub. Co.*, 852 N.E.2d 825, 839 (2006). The counterclaim contains each of these elements. It alleges that Thompson published statements on the Internet that Fajerstein

---

[1]The remaining federal case cited in the memorandum involved consideration of attached documents in conjunction with claims other than the defamation asserted in the complaint. *See Wright v. Assoc. Ins. Co. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). The state law cases, dealing as they do with the sufficiency of a complaint under a fact pleading standard, do not provide us with meaningful guidance on the question of whether the complaint stands in a notice pleading jurisdiction such as ours.

committed fraud and lied in the course of his business dealings, which Fajerstein insists is not true. The complaint goes on to say that he has lost sales as a result of putative customers reading these statements and choosing not to do business with him. The complaint also contends that Thompson acted with malice, which would negate the assertion of a privilege. Moreover, the information that Fajerstein has included regarding the characterizations made on the Website makes his claim more than speculative. *See Giant Screen Sports v. Canadian Imperial Bank of Commerce*, — F.3d —, 2009 WL 113484 (7th Cir. 2009). Fajerstein may or may not be able to establish each of these elements as well as stave off the multiple defenses Thompson wishes to advance, but his complaint is sufficient to state a claim upon which relief can be granted. Consequently, it survives Thompson's 12(b)(6) challenge.

## CONCLUSION

Thompson's Rule 12(b)(6) motion to dismiss is denied.

_____
Charles P. Kocoras
United States District Judge

Dated:  February 12, 2009