IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD THOMPSON, Trustee of the Thompson Family Trust | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 08 CV 3240 |
| RONALD FAJERSTEIN, FAJERSTEIN DIAMOND IMPORTERS & CUTTERS, INC., and ANTWERP DIAMOND IMPORTERS & CUTTERS, INC., | ) ) ) ) ) ) | Judge Charles P. Kocoras<br><br>Hearing Date: 11/23/2010<br>Hearing Time: 9:30 a.m. |
| Defendants. | ) | |

### THOMPSON'S MOTION FOR ENTRY OF JUDGMENT
### LIQUIDATING NON-DISCHARGEABLE CLAIM

Plaintiff, Richard Thompson, as Trustee of the Thompson Family Trust ("Thompson"), by his counsel, hereby moves this Court for the entry of judgment liquidating Thompson's claim (the "Motion") found to be non-dischargeable by Chief Judge Hyman of the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court"). In support of this Motion, Thompson states as follows:

### SUMMARY OF RELIEF REQUESTED

1. Thompson is the prevailing party in a non-dischargeability lawsuit against bankrupt Ronald Fajerstein ("Fajerstein") brought by Thompson in Fajerstein's bankruptcy case pending in the Bankruptcy Court. After a trial on the merits, the Bankruptcy Court found that Fajerstein engaged in fraud, embezzlement, and material misrepresentation against Thompson. The Bankruptcy Court also found that Fajerstein engaged in willful acts with the intent of subjecting Thompson to malicious injury. Pursuant to the Judgment (as defined in paragraph 22

below), the Bankruptcy Court granted, *sua sponte,* Thompson leave from the automatic stay to liquidate Thompson's approximately $1,000,000.00 damages claim against Fajerstein. Thompson is not before this Court to re-litigate any facts already adjudicated before the Bankruptcy Court. Instead, pursuant to the Judgment, Thompson moves this Court for the entry of a judgment in the amount of at least $1,006,280.00.

## BACKGROUND FACTS

**Initial Proceedings before the United States District Court for the Northern District of Illinois (Case No. 08-3240) (the "District Court Case").**

2. On June 4, 2008, Thompson commenced the District Court Case by filing his Complaint against Fajerstein (the "Complaint"). (District Court Case Docket No. 1) The Complaint centered around Thompson's attempt to recover $150,000.00 provided to Fajerstein for the purchase of a diamond meeting Thompson's specifications (the "Deposit").

3. Pursuant to the Affidavit of Special Process Server dated June 6, 2008, Thompson executed service of the Complaint upon Fajerstein by depositing a copy of the Complaint with Fajerstein's wife, Kylah Fajerstein, on June 5, 2008 and, on June 6, 2008, depositing a copy of the Complaint in a sealed envelope with postage prepaid addressed to Fajerstein at 1300 W. Monroe, Chicago, Illinois 60607. (District Court Case Docket No. 11)

4. On June 25, 2008, Philip J. Nathanson filed his appearance as counsel on behalf of Fajerstein. (District Court Case Docket No. 12)

5. On August 26, 2008, Thompson filed his Amended Complaint (the "Amended Complaint") against Fajerstein. The Amended Complaint asserted six bases for relief: (i) violation of the Illinois Consumer Fraud and Deceptive Practices Act (815 ILCS 502/2); (ii) breach of contract; (iii) common law fraud; (iv) conversion; (v) money had and received; and (vi) unjust enrichment. (District Court Case Docket No. 26)

6. On October 22, 2008, Fajerstein, who was properly served and represented[1] by counsel throughout the entire District Court Case, filed his Answer and Counterclaim (the "Fajerstein Answer and Counterclaim"). (District Court Case Docket No. 30)

7. On March 31, 2009, Thompson filed his answer to the Fajerstein Answer and Counterclaim. (District Court Case Docket No. 53)

8. On March 20, 2009, Thompson filed his Motion for Partial Summary Judgment with this Court (District Court Case Docket No. 56) which the Court set for ruling on June 18, 2009.

**Proceedings before the United States Bankruptcy Court for the Southern District of Florida (Case No. 09-21858) (the "Bankruptcy Court Case").**

9. On June 12, 2009 (the "Petition Date"), just days prior to the anticipated summary judgment ruling date, Fajerstein filed a voluntary petition for bankruptcy relief in the United States Bankruptcy Court for the Southern District of Florida (the "Voluntary Petition"). (Bankruptcy Court Case Docket No. 1) A true and accurate copy of the Voluntary Petition is attached hereto as **Exhibit A**. Fajerstein's bankruptcy case is pending as Case No. 09-21858.

10. On September 18, 2009, Thompson timely filed his proof of claim against Fajerstein (the "Proof of Claim"). A true and accurate copy of the Proof of Claim is attached hereto as **Exhibit B**.

11. The Proof of Claim is identified as Claim Number 3 in Case No. 09-21858 and asserts an estimated claim of $1,006,280.00. (Exhibit B at p. 2) Thompson's claim of $1,006,280.00 consists of the following:

---

[1] (District Court Case Docket Nos. 12 and 26)

| Amount | Description |
|---|---|
| $150,000.00 | Compensatory Damages; |
| $12,500.00 | Interest on $150,000.00 (as of the Petition Date); |
| $393,780.00 | Legal Fees incurred (through August 3, 2009); and |
| $450,000.00 | Punitive Damages as a result of Fajerstein's actions against Thompson. |
| **$1,006,280.00** | **Total** |

(collectively, "Thompson's Damages"). (*Id.*)

12. Michael R. Baskt, of the law firm of Ruden McClosky, P.A., is serving as the Chapter 7 Trustee in Fajerstein's Bankruptcy Court Case (the "Trustee"). No objections (formal or informal) were ever raised by the Trustee with respect to the Proof of Claim.

**B. Adversary Proceeding before the United States Bankruptcy Court for the Southern District of Florida (Case No. 09-02001) (the "Adversary Proceeding").**

13. On September 21, 2009, Thompson commenced an adversary proceeding in Fajerstein's Bankruptcy Court Case by filing a complaint (the "Non-Dischargeability Complaint") objecting to Fajerstein's bankruptcy discharge. (Adversary Proceeding Docket No. 1) A true and accurate copy of the Adversary Proceeding is attached hereto as **Exhibit C**.

14. The Non-Dischargeability Complaint asserted that Thompson's damages identified in the Proof of Claim are not dischargeable on five (5) grounds: (i) fraud pursuant to § 523(a)(2)(A) of the Bankruptcy Code; (ii) false representations and false pretenses pursuant to § 523(a)(2)(A) of the Bankruptcy Code; (iii) embezzlement pursuant to § 523(a) of the Bankruptcy Code; (iv) fiduciary fraud and defalcation pursuant to § 523(a)(4) of the Bankruptcy Code; and (v) willful and malicious injury pursuant to § 523(a)(6) of the Bankruptcy Code. (Exhibit C at pp. 6-12)

15. On December 7, 2009, Thompson filed his Amended Complaint to Determine Non-Dischargeability of Debt (the "Amended Non-Dischargeability Complaint"). (Adversary Proceeding Docket No. 16) A true and accurate copy of the Amended Non-Dischargeability Complaint is attached hereto as **Exhibit D**. Thompson filed the Amended Non-Dischargeability Complaint to correct a word-processing formatting problem that Thompson did not identify until after the Non-Dischargeability Complaint had been filed and served. Therefore, the Amended Non-Dischargeability Complaint did not differ much from the original Non-Dischargeability Complaint and asserted the same five (5) bases for a finding that Fajerstein's debts to Thompson were non-dischargeable: (i) fraud pursuant to § 523(a)(2)(A) of the Bankruptcy Code; (ii) false representations and false pretenses pursuant to § 523(a)(2)(A) of the Bankruptcy Code; (iii) embezzlement pursuant to § 523(a) of the Bankruptcy Code; (iv) fiduciary fraud and defalcation pursuant to § 523(a)(4) of the Bankruptcy Code; and (v) willful and malicious injury pursuant to § 523(a)(6) of the Bankruptcy Code. (Exhibit D at pp. 6-12)

16. On March 29, 2010, Fajerstein filed his Amended Answer and Affirmative Defenses to Thompson's Amended Complaint to Determine Non-Dischargeability of Debt (the "Amended Non-Dischargeability Answer"). (Adversary Proceeding Docket No. 21) A true and accurate copy of the Amended Non-Dischargeability Answer is attached hereto as **Exhibit E**.

17. On September 15, 2010, following pre-trial submissions and conferences relating to the issues in the Adversary Proceeding, the Bankruptcy Court conducted a bench trial relating to the Amended Non-Dischargeability Complaint and the Non-Dischargeability Answer (the "Bankruptcy Trial"). A true and accurate copy of the transcript relating to the Bankruptcy Trial is attached hereto as **Exhibit F** (the "Transcript"). Because the issues at the Bankruptcy Trial tracked identically the issues raised before this Court in Thompson's original lawsuit, the

evidence admitted at the Bankruptcy Trial by Thompson was substantially the same evidence obtained by Thompson during the discovery process in the District Court Case.

18. As is more fully evidenced and set forth in the Transcript, the Bankruptcy Court conducted a full trial on the merits relating to the issues raised in the Complaint and Fajerstein's defenses thereto. Thompson and Fajerstein presented testimony on direct and cross examination and introduced a substantial amount of evidence in support of their positions. The parties also made opening and closing arguments to the Bankruptcy Court.

19. At the conclusion of the Bankruptcy Trial, the Bankruptcy Court ruled overwhelmingly in Thompson's favor. The Bankruptcy Court found Fajerstein's debt to Thompson to be non-dischargeable pursuant to § 523(a)(2)(a) (for fraud and material misrepresentation); § 523(a)(4) (for embezzlement); and § 523(a)(6) (for willful acts with the intent of subjecting Thompson to malicious injury). (Exhibit F at pp. 229-233)

20. As part of its ruling on September 15, 2010, the Bankruptcy Court bindingly found (collectively, the "Findings") and determined that:

a. (a) Thompson wired $150,000 to Fajerstein as a deposit on a diamond for Thompson's wife, "almost immediately", Fajerstein transferred those funds out of his business account and used the money for his own personal investment accounts or to pay personal expenses, thereby engaging in fraud (by making a material false representation), embezzlement and conversion resulting in "willful and malicious injury" to Thompson. (Exhibit F at p. 229; line 8 through p. 230, line 25);

b. Fajerstein engaged in fraud and material false representation under Section 523(a)(2)(A) because the Deposit wired by Thompson was to be used by Fajerstein for a deposit not for Fajerstein's business operations (Exhibit F at p. 231; lines 1-15);

c. Fajerstein engaged in acts of embezzlement under Section 523(a)(4) against Thompson by fraudulently appropriating Thompson's Deposit which were entrusted to Fajerstein because it was a deposit identified for a specific purpose – a deposit for a particular stone that met Thompson's requirements (Exhibit F at p. 231; lines 16-25; p. 232; lines 1-2); and

d. Fajerstein engaged in willful acts with the intent of subjecting Thompson to malicious injury pursuant to Section 523(a)(6) by converting the Deposit which constitutes an act of dominion wrongfully asserted by Fajerstein over Thompson's property inconsistent with Thompson's rights to the Deposit (Exhibit F at p. 232; lines 3-25).

21. On September 29, 2010, Fajerstein filed a motion seeking three types of relief: (i) a new trial, (ii) a mistrial and (iii) a retrial (the "Post-Trial Motion"). (Adversary Proceeding Docket No. 125) A true and accurate copy of the Post-Trial Motion is attached hereto as **Exhibit G**.

22. On October 4, 2010, the Bankruptcy Court entered its Judgment of Non-Dischargeability (the "Judgment"). (Adversary Proceeding Docket No. 126). A true and accurate copy of the Judgment is attached hereto as **Exhibit H**.

23. Consistent with the Court's Findings set forth in the Transcript, the Judgment found Fajerstein's pre-petition debt to Thompson as non dischargeable on account of Fajerstein's "acts of fraud and material misrepresentations against [Thompson] . . . acts of embezzlement against [Thompson and] . . . willful acts with the intent of subjecting [Thompson] to malicious injury." (Exhibit H at p. 2) The Judgment also provided that Thompson would be granted relief from the automatic stay to liquidate his non-dischargeable claims against Fajerstein before this Court. (*Id.* at p. 3)

24. On October 6, 2010, the Bankruptcy Court entered its Order Denying [Fajerstein's] Motion for a New Trial (the "Denial Order").[2] (Adversary Proceeding Docket No. 128). A true and accurate copy of the Denial Order is attached hereto as **Exhibit I**.

25. Pursuant to Fed. R. Bankr. P. 8002, Fajerstein's appeal deadline expired on October 20, 2010 (14 calendar days from the Bankruptcy Court's entry of its Denial Order). To

---

[2] Although the Post-Trial Motion sought three forms of relief (a new trial, a mistrial, and a retrial) the Bankruptcy Court construed the Post-Trial Motion as a Motion for New Trial. (Exhibit G at p. 1)

the best of Thompson's knowledge, Fajerstein has not appealed the Judgment. Therefore, any appeal filed at this time would be deemed, in Thompson's opinion, as untimely.

**RELIEF REQUESTED**

26. By this Motion, Thompson seeks the entry of judgment liquidating Fajerstein's non-dischargeable liability to Thompson as a result of the Bankruptcy Court's Findings and Judgment against Fajerstein. The Bankruptcy Court found conclusively that Fajerstein's obligations to Thompson are non-dischargeable pursuant to §§ 523(a)(2)(A); 523(a)(4); and 523(a)(6) of the Bankruptcy Code. (Exhibit H at p. 2) Fajerstein did not appeal the Findings. Nor did Fajerstein appeal the Judgment entered by the Bankruptcy Court. The Findings and Judgment are now final and non-appealable with respect to the non-dischargeability issues litigated in the Adversary Proceeding. Indeed, because the Findings or the Judgment are now final, the preclusion doctrines of collateral estoppel and *res judicata* apply and support the relief sought by Thompson in this Motion. Put another way, the issue of Fajerstein's liability to Thompson has been fully and finally resolved on the merits by the Bankruptcy Court. Thompson's request of this Court is to enter the amount of damages owed by Fajerstein to Thompson as a result of findings of liability against Fajerstein.

**A.** **This Court's Entry of a Judgment Liquidating the Amount of Fajerstein's Liability to Thompson is Appropriate and Justified by the Doctrine of Collateral Estoppel.**

27. Collateral estoppel forbids the reexamination, in a subsequent suit, of a finding essential to a previous decision. *Montana v. United States*, 440 U.S. 147, 153-54, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979); *Chicago Truck Drivers, Helpers & Warehouse Union (Independent) Pension Fund v. Century Motor Freight, Inc.*, 125 F.3d 526, 530 (7th Cir. 1997). Collateral estoppel applies if: "(1) the issue decided in the prior adjudication is identical with the one presented in the suit in question, (2) there was a final judgment on the merits in the prior

adjudication, and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication." *Gumma v. White*, 216 Ill.2d 23, 295 Ill.Dec. 628, 833 N.E.2d 834, 843 (2005).

28. Collateral estoppel applies in this instance and supports the relief requested herein by Thompson because all collateral estoppel elements have been satisfied. First, the issues in the Amended Non-Dischargeability Complaint track the issues raised by Thompson in his Complaint and Amended Complaint filed here in the Northern District of Illinois. Essentially, Thompson litigated the same facts and issues raised in the Amended Non-Dischargeability Complaint as he would have done in the before this Court had Fajerstein not sought bankruptcy protection. Second, the Findings made and Judgment entered by the Bankruptcy Court constitute final judgment on the merits in a prior adjudication. The Findings and Judgment are the product of a Bankruptcy Trial between Fajerstein and Thompson on September 15, 2010. At the Bankruptcy Trial, parties provided opening and closing statements; introduced evidence; cross examined witnesses; and argued their respective positions. Lastly, Fajerstein was a necessary party to the Bankruptcy Trial and, in fact, participated fully in the Bankruptcy Trial. In light of the foregoing, all three collateral estoppel elements apply. Therefore, it would be appropriate for this Court to rely on the Bankruptcy Trial, Findings and Judgment to enter a finding of damages against Fajerstein.

**B.     This Court's Entry of Order Liquidating the Amount of Fajerstein's Liability to Thompson is Appropriate and Justified by the Doctrine of *Res Judicata*.**

29. Like collateral estoppel, *res judicata* is a preclusive doctrine. *Res judicata* bars a party from asserting a claim that has already been resolved in another lawsuit between the same parties or those in privity with them, and the doctrine reaches both claims that were actually asserted in an earlier lawsuit and those that could have been asserted but were not. *See Aaron v.*

*Mahl*, 550 F.3d 659, 664 (7th Cir. 2008); *Highway J Citizens Group v. United States Department of Transportation*, 456 F.3d 734, 741 (7th Cir. 2006).

30. In Illinois, *res judicata* applies if two claims "arise from a single group of operative facts, regardless of whether they assert different theories of relief." *River Park, Inc. v. City of Highland Park*, 184 Ill.2d 290, 234 Ill.Dec. 783, 703 N.E.2d 883, 893 (1998).

31. *Res judicata* applies in this instance and supports the relief requested herein by Thompson because the Bankruptcy Trial in the Bankruptcy Court resolved all liability issues between Fajerstein and Thompson and no new claims or defenses can be asserted that could not have otherwise been litigated at the Bankruptcy Trial. Put another way, the universe of disputes between Fajerstein and Thompson concerning liability have been or should have been litigated at the Bankruptcy Trial and any failure by either party to do so now acts as a bar to any future related litigation. Indeed, the Bankruptcy Trial centered around Thompson's reliance on representations made by Fajerstein and Fajerstein's conduct with respect to the Deposit and dealings with Fajerstein. The events surrounding this proceeding and the Adversary Proceeding were the only occasion wherein Fajerstein and Thompson had interacted. Therefore, any claims would logically have stemmed from this one interaction and, as a result, the Bankruptcy Trial should have resolved all their liability disputes. At this point, all that remains open is the liquidation of Thompson's damages as determined by the Bankruptcy Court. Therefore, it is appropriate for this Court to rely on the Bankruptcy Trial, Findings and Judgment to enter the requested Judgment against Fajerstein.

**C. This Court's Entry of Judgment Granting the Full Amount of Thompson's Damages is Appropriate in Light of the Findings and the Judgment Against Fajerstein.**

32. By this Motion, Thompson seeks the entry of a judgment liquidating Fajerstein's liability to Thompson in the amount of Thompson's Damages.

33. At a minimum, this Court should award Thompson damages in the amount of $150,000.00 representing Thompson's initial Deposit that has never been paid back.

34. Similarly, Thompson should be entitled to interest on the $150,000.00 Deposit measured from January 25, 2008 (the date Thompson, in reliance on Fajerstein's fraudulent acts and material misrepresentations, wired the Deposit to Fajerstein) through the date of the entry of the Judgment on October 4, 2010. (Exhibit J at ¶14; Exhibit L at p. 230; lines 9-10) Indeed, Thompson is entitled to pre-petition interest on the Deposit through the Petition Date, and to post-petition interest through the date of the Judgment. *In re Burke,* 405 B.R. 626, 652 (Bankr. N.D. Ill. 2009) *aff'd sub nom. Cole Michael Investments, L.L.C. v. Burke*, 436 B.R. 53 (N.D. Ill. 2010) ("[c]ourts have found both pre-petition and post-petition interest non-dischargeable under § 523 when the underlying debt is found to be non-dischargeable."). Pre-judgment interest is available in § 523 actions when the plaintiff has been wrongfully deprived of its money. *In re Senese,* 245 B.R. 565, 578 (Bankr. N.D. Ill. 2000); *see also In re Distilo,* 09-AP-1203, 2010 WL 3655553, at *3 (Bankr. N.D. Ill. Sept. 10, 2010). As the Bankruptcy Court's Findings indicate, Thompson was wrongfully deprived of his money. Pre-judgment interest is governed by 28 U.S.C. § 1961, which provides that interest is calculated at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. 28 U.S.C. § 1961(a); *see also In re Senese*, 245 B.R. at 578 (calculating pre-judgment interest by reference to 28 U.S.C. § 1961). Pre-judgment interest accrues from the date the wrongful deprivation began. *In*

*re Senese,* 245 B.R. at 578. The interest due and owing to Thompson is $13,012.04 (based on the following calculation):

| | |
|---|---|
| **Principal:** | $150,000.00 |
| **Interest Rate:** | .26% (annually, compounded monthly) |
| **Total:** | **$13,012.40.** |

35. Thompson should also be entitled to the legal fees that he incurred. The Illinois Consumer Fraud and Deceptive Business Practices Act (the "Act") permits prevailing parties to recover attorneys' fees and costs from the defendant. 815 ILCS 505/10a(c). When attorneys' fees are ancillary to a debt that is non-dischargeable, the fees are also non-dischargeable. *Klingman v. Levinson,* 831 F.2d 1292, 1296 (7th Cir.1987); *In re Pawlinski*, 170 B.R. 380, 393 (Bankr. N.D. Ill. 1994) ("when a creditor is able to show that awarded attorney fees and punitive damages arise from the same conduct as that creating the non-dischargeable debt, such attorney fees and punitive damages are also non-dischargeable debts.").

36. There are several factors a court may consider when evaluating a fee petition under the Act. These factors include, but are not limited to, "(1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all consumers or businesses or to resolve a significant legal question regarding the Act; and (5) the relative merits of the parties' positions." *Krautsack v. Anderson*, 223 Ill. 2d 541, 554, 861 N.E.2d 633, 644 (2006).

37. In this case, the Bankruptcy Court found that Fajerstein's "acts of fraud and material misrepresentations against [Thompson] . . . acts of embezzlement against [Thompson and] . . . willful acts with the intent of subjecting [Thompson] to malicious injury" rendered his

pre-petition debt to Thompson non-dischargeable. (Exhibit N at p. 2)  This finding all but mandates an award of attorneys' fees under the Act, since it indisputably confirms Fajerstein's culpability and bad faith, and an award of fees would deter others from acting as Fajerstein did. Moreover, it is clear that Thompson litigated this case to benefit all consumers by exposing Fajerstein's fraudulent acts (including the posting of a website alerting the public to Thompson's experience with Fajerstein), since Thompson's legal expenditures far exceeded his compensatory damages.

38. Furthermore, Fajerstein's malicious fraudulent conduct rises to the level where an award to Thompson of punitive damages would be highly appropriate.  "In a case involving intentional fraud, punitive damages are properly recoverable where the false representations are wantonly and designedly made." *West v. Western Cas. And Sur. Co.*, 846 F.2d 387, 398 (7th Cir. 1988) (alterations and quotations omitted).  Fajerstein's false representations here were wantonly and designedly made.  As the Bankruptcy Court found, Fajerstein "engaged in willful acts with the intent of subjecting [Thompson] to malicious injury."  (Exhibit N at p. 2)  In addition, the Act ". . . explicitly allows for the recovery of punitive damages where the conduct of the defendant was willful or intentional and done with evil motive or reckless indifference to the rights of others."  *Linhart v. Bridgeview Creek Dev., Inc.*, 391 Ill. App. 3d 630, 641, 909 N.E.2d 865, 875 (1st Dist. 2009) *appeal denied*, 233 Ill. 2d 561, 919 N.E.2d 353 (2009) (citing to 815 ILCS 505/10a(a)).  Fajerstein's willful acts of malice towards Thompson merit punishment that would deter others from engaging in similar malicious, intentional, and fraudulent conduct.  It is appropriate for this court to enter a judgment that includes punitive damages and attorneys fees, since the issues of liability have already been decided by the Bankruptcy Court.  *See In re West*, 1994 WL 6899, at *5 (Bankr. N.D. Ill. Jan. 5, 1994) (Bankruptcy court awarded punitive

damages after amount and non-dischargeability of compensatory damages in § 523(a)(6) case had been decided by virtue of default judgments).

## NOTICE

39. Notice of this Motion has been provided by Thompson to Fajerstein in the following manner: (a) Federal Express overnight delivery of the Motion to Fajerstein's last known address identified on the attached Certificate of Service relating to this Motion and (b) depositing a copy of the Motion with the United States Postal Service (First Class Mail, postage prepaid) addressed to Fajerstein's last known address identified on the attached Certificate of Service relating to this Motion. Additionally, Thompson provided Fajerstein with advance notice by email (on November 11, 2010) and Federal Express Delivery (on November 12, 2010) of the November 23, 2010 hearing date before this honorable Court, including specific notice that Thompson would be presenting this very motion at the November 23, 2010 hearing. (*See* **Exhibit J**)

## CONCLUSION

**WHEREFORE,** Thompson requests that this Court enter an appropriate judgment finding, among other things:

(a) affirming the Bankruptcy Court's findings against Fajerstein and

(b) awarding damages to Thompson in at least the Proof of Claim amounts.

| | |
|---|---|
| November 18, 2010 | Respectfully submitted, |

                                            /s/ *Jon C. Vigano*
                                            Jay Williams
                                            Jon C. Vigano
                                            SCHIFF HARDIN LLP
                                            6600 Sears Tower
                                            Chicago, IL 60606
                                            312-258-5500
                                            jwilliams@schifhardin.com
                                            jvigano@schiffhardin.com

                                            Attorneys *for Richard Thompson, as Trustee of the Thompson Family Trust*

CH2\9303997.8