# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3240 | **DATE** | January 11, 2011 |
| **CASE TITLE** | Thompson vs. Fajerstein et al | | |

**DOCKET ENTRY TEXT**

We grant Thompson's motion (Doc [196]) for summary judgment as to Counts I-IV, and award Thompson damages in the amount of $150,000.

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

### ORDER

This case comes before the court on the motion of Plaintiff Richard Thompson ("Thompson") for summary judgment on Counts I-IV of the Amended Complaint. For the reasons set forth below, the motion is granted.

On June 4, 2008, Thompson filed suit against Defendant Richard Fajerstein ("Fajerstein") in the United States District Court for the Northern District of Illinois. In his complaint, Thompson asserted a number of claims against Fajerstein under Illinois law, including (i) violation of the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS § 505/10a; (ii) breach of contract; (iii) fraud; (iv) conversion; (v) money had and received; and (vi) unjust enrichment. Thompson's lawsuit stemmed from a failed transaction he entered into with Fajerstein to purchase a diamond with certain characteristics. Thompson alleged that Fajerstein represented he could procure a diamond with the desired specifications if Thompson wired $150,000 to him. Based on Fajerstein's statement, Thompson wired the money for the purpose of purchasing a stone with the qualities he requested. Though Thompson transferred the funds as instructed, Fajerstein never obtained such a diamond and refused to return the $150,000. Fajerstein never obtained a stone with Thompson's specifications.

On June 12, 2009, Fajerstein filed a voluntary petition for bankruptcy relief in the United States Bankruptcy Court for the Southern District of Florida. Six days later, we dismissed Thompson's suit without prejudice with leave to reinstate the case pending the completion of proceedings before the bankruptcy court. After we dismissed his lawsuit, Thompson filed a proof of claim against Fajerstein with the Florida bankruptcy court on September 18, 2009. Thompson asserted an estimated claim of $1,006,280.00, consisting of (i) $150,000 in compensatory damages; (ii) $12,500.00 in pre-judgment interest; (iii) $393,780.00 in legal fees; and (iv) $450,000 in punitive damages. On September 21, 2009, Thompson commenced an adversary proceeding in Fajerstein's Bankruptcy Court case by filing a complaint objecting to the discharge in bankruptcy of Thompson's claim against Fajerstein. The bankruptcy complaint asserted that Thompson's damages were not dischargeable on a number of grounds: (1) the sum at issue was obtained as a result of fraud, false representations, or false pretenses and therefore non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A); (2) money was procured by embezzlement, fiduciary fraud, or defalcation and thus not dischargeable under 11 U.S.C. § 523(a)(4); and (3)

# ORDER

debt result of willful or malicious injury and therefore non-dischargeable under 11 U.S.C. § 523(a)(6). Fajerstein submitted an answer with affirmative defenses to Thompson's bankruptcy complaint on March 29, 2010.

On September 15, 2010, the Bankruptcy Court conducted a bench trial relating to the non-dischargeability of Thompson's claim against Fajerstein arising out of the unconsummated diamond purchase. At trial, Thompson and Fajerstein presented testimony and each was afforded the opportunity to cross-examine the other's witnesses. The bankruptcy court also permitted both sides to make opening and closing statements.

At the conclusion of the trial, the bankruptcy court made a detailed set of findings. The bankruptcy judge found that the parties entered into an oral contract that required Thompson to send $150,000 to Fajerstein which he would then use to put a deposit down on a diamond with the qualities Thompson wanted. The court also concluded that, at the time he entered into the transaction, Fajerstein had not identified a stone with the characteristics Thompson wanted. The court further found that Fajerstein transferred the $150,000 out of his account and put the money into investment accounts or used it to repay personal expenses. Based on these factual findings, the court concluded that Thompson's claim against Fajerstein was not dischargeable in bankruptcy because Fajerstein obtained the funds at issue by false representations and fraud. The court also found Thompson's claim to be non-dischargeable because Fajerstein embezzled the funds at issue by fraudulently appropriating the transferred funds for purposes other than putting a deposit down on a specific stone. Finally, the court concluded that the debt was not dischargeable because the funds were obtained by willful and malicious injury to another. Specifically, the judge found that Fajerstein committed conversion of Thompson's money by wrongfully asserting dominion over the money in a manner inconsistent with Thompson's ownership of it.

On October 4, 2010, the bankruptcy judge entered an order finding that Thompson's claim against Fajerstein was not dischargeable for the reasons described at the conclusion of the bench trial. The order also directed Thompson to return to the Northern District of Illinois to proceed with liquidating his claim. After the non-dischargeability proceedings concluded, Fajerstein filed a motion for a new trial which the bankruptcy court denied on October 6, 2010. Though Fajerstein had until October 20, 2010 to submit his notice of appeal under Fed. R. Bankr. P. 8002, Fajerstein did not file a notice within the time period provided. On November 18, Thompson moved for entry of judgment in his favor in the matter before this court. On December 6, we entered an order converting Thompson's motion to a motion for summary judgment and allowed Fajerstein until December 27, 2010, to respond to the arguments Thompson made in his motion. We also provided Fajerstein with a Local Rule 56.2 statement advising him of the required procedures for answering Thompson's motion in accordance with Local Rule 56.1.

Despite receiving notice of his obligation to counter Thompson's legal arguments in order to avoid the entry of judgment against him, Fajerstein did not respond to Thompson's legal argument that he is entitled to summary judgment under the doctrine of collateral estoppel as a result of the factual conclusions made by Bankruptcy Judge in his order. Failure to offer any opposition to Thompson's collateral estoppel argument operates as a waiver. *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 926 (7th Cir. 2007). As a consequence, we grant Thompson's motion for summary judgment as to Counts I-IV, and award Thompson damages in the amount of $150,000.

Dated: **January 11, 2011**

*Charles P. Kocoras*
**CHARLES P. KOCORAS**
**U.S. District Court Judge**